IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARDIS McCUTCHEON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.  06 C 6256 |
| | ) |
| ZIMMER HOLDINGS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM ORDER

Counsel for all five Zimmer entities, defendants in this action brought against them by Ardis McCutcheon ("McCutcheon"), has filed three separate (though identical in most respects) Answers to McCutcheon's Complaint. Because each of those responsive pleadings is problematic in a number of ways, this memorandum order is issued sua sponte to send defense counsel back to the drawing board.

To begin with, the practice of filing such separate responses by the same lawyer or law firm that represents multiple defendants is generally undesirable for more than one reason. Even apart from any effects on the environment caused by the felling of additional trees (as well as creating unnecessary bulk in the court's chambers files) through the production of multiple hard copies, the practice makes it more difficult for any reader (whether opposing counsel or the court) to see the respects in which the several defendants are or are not on the same page without having to review the multiple filings side by side.

Hence when defense counsel submits the Amended Answer called for here, he is expected to generate a single document for that purpose.

Next, defense counsel's renewed effort must comply (as the current Answers do not) with this District Court's LR 10.1. That requirement has much the same salutary purpose as that discussed in the preceding paragraph, for it enables the reader to see just what is and what is not being admitted or denied or disclaimed, without having to leap back and forth between two documents--a complaint and an answer.

As for the substance of the respective Answers, Paragraphs 1, 6, 7, 17 and 35 of each, as well as Paragraph 24 of the Zimmer Holdings, Inc. and Zimmer US, Inc. Answer, begin by being properly faithful to the disclaimer language of Fed. R. Civ. P. ("Rule") 8(b)'s second sentence--but they then go on to state "and therefore deny them." That added language is of course oxymoronic--how can a party lack even information sufficient to form a belief as to the truth of an allegation and then deny it in objective good faith? Accordingly the quoted language must be omitted from all those paragraphs of the group Amended Answer.

As the next pervasive flaw, each Answer ¶¶11-13, 28-31 and 33 wrongly assert that the corresponding Complaint allegations state legal conclusions, so that "no response is required and none is given"--to the contrary, see App. ¶2 to <u>State Farm Mut.</u>

Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Those same paragraphs also wrongly employ a "to the extent" locution in a way that leaves the reader to guess just what defense counsel considers to be legal conclusions on the one hand and factual allegations on the other. In this instance the Amended Answer must conform to the first sentence of Rule 8(b) as to all of the Complaint's allegations except those properly disclaimed under the second sentence of that Rule.

Lastly, the affirmative defenses ("ADs") with which each Answer concludes are also troublesome in a number of respects. To begin with, defense counsel has engaged in an everything-but-the-kitchen-sink approach to ADs, a practice that is at odds with the Rule 11(b) requirement of objective good faith. What must instead be done in the repleading is to be appropriately selective, so that opposing counsel and this Court can be aware (1) of which defenses are really advanced seriously and (2) of the basis for each of those defenses (after all, the federal principles of notice pleading apply to defendants as well as to plaintiffs). As for some particular problems posed by the present ADs:

> 1. ADs 1, 3, 6, 7 and 19 speak of what "may have been." Such speculative assertions have no proper place in sound pleading. If and when any of those now-hypothetical possibilities were to prove out in the course of the

litigation, it will be time enough to advance such contentions at that time.

    2. AD 2 is inconsistent with the Complaint's allegations and is stricken--see App. ¶5 to State Farm.

    3. If defendants intend to assert a statute of limitations defense as AD 12 indicates, that must be fleshed out with an appropriate identification of the grounds for that argument.

    4. AD 13 is the functional equivalent of a Rule 12(b)(6) motion, rather than serving as a proper AD. If defendants wish to challenge the legal sufficiency of the Complaint, that must be done by a properly supported Rule 12(b)(6) motion.

    5. AD 16 asserts a failure to mitigate damages. As with AD 12, if such an argument is to be advanced more explanation is needed.

In summary, all three current Answers are stricken, but with leave granted to defense counsel to file a single Amended Answer on behalf of all defendants on or before December 13, 2006. This action can then go forward in a more orderly fashion.

One final note. No charge is to be made to defendants by their counsel for the added work and expense incurred in correcting counsel's errors. Defendants' counsel is ordered to apprise his clients to that effect by letter, with a copy to be

transmitted to this Court's chambers as an informational matter (not for filing).

```
                              _____
                              Milton I. Shadur
                              Senior United States District Judge
```

Date: November 29, 2006